IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **VOLKSWAGEN GROUP OF AMERICA, INC.,** a New Jersey corporation, <br><br> Plaintiff, <br><br> v. <br><br> **NINTESTORE.COM,** an entity of unknown origin, and **DOES 1 through 5**, inclusive, <br><br> Defendants. | Civil Action No. 22-11148 <br><br> Honorable: |

Gregory D. Phillips (P80801)
PHILLIPS WINCHESTER
4001 South 700 East, Suite 500
Salt Lake City, Utah 84107
Tel: (801) 935-4932
Fax: (801) 935-4936
Attorneys for Plaintiff

## COMPLAINT

Plaintiff Volkswagen Group of America, Inc. ("VWGoA" or "Plaintiff"), for its claims against defendant Nintestore.com and Does 1 through 5 inclusive (collectively "Defendants"), alleges as follows:

### NATURE AND SUBSTANCE OF THE ACTION

1.      This suit arises from Defendants' unauthorized misappropriation of world-famous trademarks belonging to Audi AG in connection with Defendants' manufacturing, advertisement, and sale of counterfeit Audi automotive grilles and

other products sourced from China which bear precise replicas and counterfeits of Audi's world-famous, registered trademarks.

2.      Plaintiff alleges claims for federal trademark counterfeiting and infringement, false designation of origin or sponsorship, federal trademark dilution, and unlawful importation under Sections 32(1), 43(c), 43(a), and 42 of the United States Trademark Act of 1946 (the "Lanham Act"), as amended by the Trademark Counterfeiting Act of 1984 (15 U.S.C § 1116(d)), 15 U.S.C. §§ 1114(1), 1125(a), 1125(c), and 15 U.S.C. § 1124, and Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a).

## PARTIES

3.      Plaintiff Volkswagen Group of America, Inc. ("VWGoA") is a New Jersey corporation with a place of business in Auburn Hills, Michigan.  VWGoA is the exclusive U.S. importer of cars manufactured by Audi AG ("Audi") and is tasked with the responsibility of protecting the trademarks of Audi in the United States.

4.      Defendant Nintestore.com is an entity of unknown origin that operates an online business at the Internet domain name *www.nintestore.com* where defendant Nintestore.com sells counterfeit Audi grilles and products that are sourced from China.  Defendant Nintestore.com purports to have an address listed on its website at *www.nintestore.com* as "18501 Arenth Ave, City of Industry, California US" as depicted below:

**CONTACT**

- 18501 Arenth Ave,City of Industry California US

- Tel: +1 (620) 842 9509

2

5.      Plaintiff does not know the true names and capacities of defendants Does 1 through 5, inclusive, and therefore sues such Doe Defendants by such fictitious names.  Plaintiff is informed and believes, and on that basis alleges, that they are in some way responsible for the damages and irreparable harm suffered by Plaintiff described in this Complaint.  When the true names and capacities of said Doe Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

6.      Plaintiff is informed and believes, and therefore alleges, that each Defendant was and is the agent, employee, partner, alter ego, and/or joint venturer of each other, and in committing the acts alleged herein, was and is acting within the course and scope of that relationship and with permission and consent of the other Defendants, and they have acted in concert with each other in connection with the allegations herein.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. § 1331.

8.      Defendants are subject to personal jurisdiction in this district inasmuch as this action arises out of wrongful acts committed by Defendants that are intentionally targeted at Plaintiff in this District that subject Defendants to personal jurisdiction here because Defendants' unlawful conduct harms Plaintiff in this District.  Moreover, Defendants operate an interactive website whereby Defendants market, sell, furnish, and support the counterfeit Audi products throughout the United States, including to consumers in the State of Michigan to Michigan residents.

9.      Venue is proper under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

10.     The trademarks of Audi that Plaintiff is authorized to use and responsible to protect in the U.S. include some of the most popular, famous, and valuable trademarks in the world.

### A.     Audi's Trademark Rights

11.     Audi obtained its first U.S. registration for AUDI® in 1960 (U.S. Reg. No. 0,708,352) and subsequently obtained additional registrations covering a range of goods and services.  A copy of Audi's first registration certificate is attached as Exhibit A.  A list of Audi's U.S. trademark registrations for AUDI® and marks that include AUDI® is attached as Exhibit B.  Such registrations are valid, unrevoked, subsisting, and, in certain cases, incontestable, and constitute *prima facie* evidence of Audi's exclusive right to use AUDI® in connection with the goods and services covered by the registrations.

12.     Audi obtained its first federal registration for AUDI RINGS® (U.S. Reg. No. 0,906,525), a design trademark consisting of four interlocking rings, in 1971 and subsequently obtained additional registrations covering a range of goods and services.  A copy of that registration certificate is attached as Exhibit C.  A list of Audi's U.S. trademark registrations for AUDI RINGS® and marks that include that logo is attached as Exhibit D.  In 1995, Audi began using AUDI RINGS® in connection with AUDI® in stylized script and obtained federal registration of that combination in 1997 (U.S. Reg. No. 2,083,439).  A copy of that registration certificate is attached as Exhibit E.  Such registrations are valid, unrevoked, subsisting, and, in certain cases, incontestable, and constitute *prima facie* evidence of Audi's exclusive right to use the logo in connection with the goods and services covered by the registrations.  An image of the AUDI RINGS® trademark is as it appears on Audi vehicles is depicted below:

4



13.     In addition, Audi has obtained trademark registrations for A3®, S3®, RS3®, A4®, S4®, RS4®, A5®, S5®, RS5®, A6®, S6®, RS6®, A7®, S7®, RS7®, and their related Design Marks.  A table setting forth these trademark registrations is attached hereto as Exhibit F.   Such registrations are valid, unrevoked, and subsisting, and constitute *prima facie* evidence of Audi's exclusive right to use the logos and design marks in connection with the goods listed in the registration.

14.     The designations "A," "S,", and "RS" in the various model designations describe the differences between the various models of Audi vehicles. "A" describes the base Audi vehicle model.  "S" means "sport," and describes a sportier Audi model.  "RS" stands for "RennSport" or "Racing Sport," and describes a higher performance model with Racing features and performance.

15.     For example, an image depicting the RS 5 DESIGN® trademark as it appears on Audi vehicle grilles is displayed below:



16.     An image depicting the RS 5 DESIGN® and AUDI RINGS®
trademarks as the trademarks appear on a genuine Audi grille is shown below:



17.     Audi also claims trademark rights in the distinctive design of a grille
for the front end of an automobile that Audi adopted as part of a new brand identity
in 2004, beginning with the 2005 model year.  The grille is in the shape of an
inverted trapezoid and was consciously designed by Audi to function as a trademark
identifying Audi as the source of vehicles bearing the design.  Audi obtained
federal registration for the design—the SINGLE FRAME GRILLE DESIGN®
(U.S. Reg. No. 4,499,913)—in 2014.  A copy of the registration certificate is
attached as Exhibit G.  At the time when Audi filed its application for registration

6

of the design in 2012, over 820,000 Audi vehicles bearing the SINGLE FRAME
GRILLE DESIGN® had been sold in the U.S., corresponding to over $30 billion in
sales.  An image of the grille is shown below:



18.     Together with Audi's common law trademark rights, the Audi
trademarks referenced above are referred to collectively herein as the "Audi
Marks."

19.     Audi vehicles, parts, and accessories are sold at physical car
dealerships operated by licensed Audi dealers and online at websites operated by
Plaintiff, including *audiusa.com*, where the Audi Marks are prominently featured.

20.     Plaintiff uses the Audi Marks to identify the source of its goods and
services.  In addition to manufacturing and selling high-quality vehicles, Audi
manufactures and sells parts and accessories for its vehicles, including grilles.

21.     Plaintiff and Audi have each spent hundreds of millions of dollars in
advertising and promoting the Audi Marks throughout the world.  As a result, the
Audi Marks have become widely known and recognized throughout the world as

symbols of high-quality automotive goods and services.  The Audi Marks are invaluable assets of inestimable worth to Plaintiff.

### B.   Defendants' Unlawful Misappropriation of the Audi Marks

22.   Long after the Audi Marks gained renown as distinctive trademarks, Defendants began selling grilles and other products designed for Audi vehicles bearing exact counterfeits of the Audi Marks.  Defendants also began displaying the Audi Marks in their logo forms on the Internet and in other marketing materials.  Examples of Defendants' unauthorized grilles and other products that Defendants have sold in the past and Defendants' unauthorized use of the Audi Marks in their logo forms are depicted below:





NINTE®

**NINTE Gas Cap Fuel Tank Cover For Audi A4L 2020**

**$69.99**

https://nintestore.com/products/ninte-grill-for-audi-a4-s4-2020-2021







Dedicated Company Website – https://nintestore.com/









Additional items for sale – https://nintestore.com/search?page=1&q=audi&type=product









NINTEB
NINTE Grille For 2006-2011 Audi A6 S6 RS6 Style Front Bumper Grill Replacement
★ ★ ★ ★ ★
$329.00

NINTEB
NINTE Grille For 2013-2014 Audi A5 S5 RS5 Style Front Bumper Grill Replacement
★ ★ ★ ★ ★
$299.00

NINTE
NINTE Grille For Audi A4 S4 2017-2019 RS4 Style Honeycomb Mesh Grill Replacement
★ ★ ★ ★ ★
$336.00

NINTEB
NINTE Grille For 2013-2018 Audi A7 S7 RS7 Style Front Bumper Grill Replacement
★ ★ ★ ★ ★
$395.00



NINTEB
NINTE Grille For 2013-2015 Audi A7 S7 RS7 Style Front Bumper Grill Replacement
★ ★ ★ ★ ★
$310.00

NINTEB
NINTE Grille For 2019-2021 Audi A6 S6 RS6 Style Front Bumper Grill Replacement
★ ★ ★ ★ ★
$459.00

NINTEB
NINTE Grille For 2019-2021 Audi A7 S7 RS7 Style Front Bumper Grill Replacement
★ ★ ★ ★ ★
$450.00

NINTEB
NINTE Grill Fits Audi A3 8P S3 2008-2012 RS3 Style Honeycomb Grille Replacement
★ ★ ★ ★ ★
$269.99



NINTEB
NINTE Grill Fits Audi A3 2017-2019 RS3 Style With ACC Hole / Without ACC Hole Grille...
★ ★ ★ ★ ★
$269.99

NINTEB
NINTE 2013-2016 Audi A4 B8.5 RS Style Front Bumper Fog Light Grille Cover
★ ★ ★ ★ ★
$126.00

NINTEB
NINTE Fog Light Grilles For 2013-2016 Audi A4 B8.5 RS4 S-Line Front Bumper
★ ★ ★ ★ ★
$224.99

NINTEB
NINTE RS4 Style Front Grille Honeycomb with Gloss Black Frame Fit 2013-2016 Audi A4 S4...
★ ★ ★ ★ ★
$299.00

14

https://nintestore.com/products/ninte-grille-for-audi-a3-2016-rs3-style



https://nintestore.com/products/ninte-grill-for-audi-a4-s4-2020-2021



https://nintestore.com/products/ninte-grill-for-2013-2016-audi-a4-rs-style



https://nintestore.com/products/ninte-grille-for-audi-a4-2013-2016-rs4-style



https://nintestore.com/products/ninte-grille-for-2013-2015-audi-a6-s6-rs6-style



https://nintestore.com/products/ninte-grille-for-2017-2019-audi-a5-s5-rs5-style



17

https://nintestore.com/products/ninte-grille-for-2016-2018-audi-a6-s6-rs6-style



https://nintestore.com/products/ninte-grille-for-2013-2015-audi-a6-s6-rs6-style-honeycomb



https://nintestore.com/products/ninte-grille-for-2008-2011-audi-a6-s6-rs6-style



https://nintestore.com/products/ninte-grille-for-2013-2016-audi-a5-s5-rs5-style



https://nintestore.com/products/ninte-grille-for-audi-a4-s4-2017-2019-rs4-style



https://nintestore.com/products/ninte-grille-for-2016-2018-audi-a7-s7-rs7-style



https://nintestore.com/products/ninte-grille-for-2011-2015-audi-a7-s7-rs7-style



https://nintestore.com/products/ninte-grille-for-2019-2021-audi-a6-s6-rs6-style



21

https://nintestore.com/products/ninte-grille-for-2019-2021-audi-a7-s7-rs7-style



https://nintestore.com/products/ninte-grill-for-audi-a3-8p-s3-2008-2012





23.     On or about September 28, 2021, Plaintiff's investigator purchased a
grille advertised for sale on *nintestore.com* and listed as "NINTE Grill For Audi
A4 S4 2020-2021 S4 Style Honeycomb Grille Replacement." The grille was

purchased for $469.99 with free shipping, for a total of $469.99. The purchase was paid for via PayPal and the transaction details verified the purchase was made from and payment was sent to qinyalun nengchengmaoyi@163.com.

24.     On Tuesday, October 26, 2021, the counterfeit Audi Grille was received from the return address of No. 70 Feng Xian Road, Xian nan Cun Xian yan jie dao, Wenzhou Zhenjiang, China (China Post/USPS – CX900522117CN). The grille inside the package was confirmed to be listed as "NINTE Grill [sic] For Audi A4 S4 2020-2021 S4 Style Honeycomb Grille Replacement," from the online seller Nintestore.com and is depicted below:











25.     The grille purchased from Defendants was not made, licensed, or otherwise authorized by Plaintiff or Audi.

25

26.     Defendants' unauthorized use of the Audi Marks in connection with the sale of grilles and other products designed for Audi vehicles and unauthorized use of the Audi Marks in their logo form in Defendants' advertising constitutes a misappropriation of the Audi Marks and associated good will, and is likely to cause potential purchasers of Defendants' goods and services, as well as the public at large, to believe that Defendants' goods and services are affiliated with or authorized by Plaintiff.  In addition, Defendants' unauthorized use of the Audi Marks dilutes, tarnishes, and whittles away the distinctiveness of the Audi Marks.

27.     Although Defendants purport to have ceased some or all of their sales of counterfeit Audi products, Defendants have refused and failed to enter into a written settlement agreement, and have refused and failed to provide an accounting of its unlawful sales and pay any damages for its unlawful sales and activities.

28.     Defendants' conduct is intentionally fraudulent, malicious, willful, and wanton.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### C.     **Irreparable Harm**

29.     Defendants misappropriate the Audi Marks, or confusingly similar versions of the Audi Marks, with actual knowledge of Plaintiff's prior adoption and use of the Audi Marks.  Defendants have carried out and continue to carry out such acts with the intent to mislead and deceive consumers and the public in general.  In so doing, Defendants have caused irreparable damage to the Audi Marks and to the goodwill and reputation of Plaintiff.

30.     Plaintiff exercises great care and exerts substantial effort to control the nature and quality of the genuine goods and services offered under the Audi Marks.

26

31. Defendants are not subject to the exacting quality control specifications and supervision of Plaintiff and do not pay royalties to Plaintiff.

32. If Defendants' goods are shoddy now or in the future, the public will come to believe that Plaintiff no longer maintains high standards for its exemplary products, and the reputation and goodwill of Plaintiff will be harmed.

33. Based on experience, Plaintiff is informed and believes that unless this Court enters an injunction in this case, Defendants will continue to sell counterfeit goods bearing the Audi Marks and will destroy all evidence relating to the manufacture, importation, advertisement, and sale of the counterfeit goods, and disclaim any knowledge of the persons from whom they bought and to whom they have sold such counterfeit goods.

34. As such, Defendants' unlawful conduct constitutes an ongoing irreparable harm to Plaintiff and the Audi Marks that will only cease if Defendants are enjoined.

**FIRST CLAIM FOR RELIEF**
**(FEDERAL TRADEMARK COUNTERFEITING AND**
**INFRINGEMENT UNDER 15 U.S.C. § 1114)**

35. Plaintiff realleges and incorporates herein the allegations above.

36. Despite Plaintiff's well-known prior rights in the Audi Marks, Defendants have used and continue to use the Audi Marks, or confusingly similar variations of the Audi Marks, in connection with the promotion, packaging, and sale of Defendants' goods and services.

37. Defendants' misappropriation of the Audi Marks is likely to cause consumer confusion as to whether Plaintiff or Audi endorse, sponsor, or license Defendants' goods and services, or as to whether Defendant is somehow affiliated with Plaintiff or Audi.

38.     Defendants' actions constitute trademark counterfeiting and willful infringement of Plaintiff's exclusive rights in the Audi Marks in violation of 15 U.S.C. § 1114.

39.     Defendants' misappropriation of the Audi Marks, or confusingly similar variations thereof, has been and continues to be done with the intent to cause confusion and to deceive consumers and members of the public concerning the source or sponsorship of Defendants' goods and services.  Defendants have used counterfeits of the Audi Marks in connection with their products with the knowledge that the marks are counterfeits and with the intent to use counterfeits. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

40.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable harm to the Audi Marks.  Unless Defendants are restrained from further infringement of the Audi Marks, Plaintiff will continue to be irreparably harmed.

41.     Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

42.     As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to the equitable remedy of an accounting for, and disgorgement of, all revenues or profits wrongfully derived by Defendants from their infringing use of the Audi Marks pursuant to 15 U.S.C. § 1117.  Alternatively, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

## SECOND CLAIM FOR RELIEF
## (FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(A))

43.     Plaintiff realleges and incorporates herein the allegations above.

44.     Defendants have knowingly used the Audi Marks, or confusingly similar variations thereof, to falsely designate the origin of Defendants' goods and services.

45.     Defendants' misappropriation of the Audi Marks is likely to confuse, mislead, or deceive customers and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants' goods and services, and is likely to cause such people to believe in error that Defendants' goods and services have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff or Audi, or that Defendants are in some way affiliated with Plaintiff or Audi.

46.     Defendants' actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

47.     By reason of Defendants' actions, Plaintiff has suffered irreparable harm to the Audi Marks.  Unless Defendants are restrained from their actions, Plaintiff will continue to be irreparably harmed.

48.     Plaintiff has no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

49.     As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to the equitable remedy of an accounting for, and disgorgement of, all revenues or profits wrongfully derived by Defendants from their false designations of origin pursuant to 15 U.S.C. § 1117.  Alternatively, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not

more than $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.  Plaintiff is also entitled to a permanent injunction.

## THIRD CLAIM FOR RELIEF
## (TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c))

50.    Plaintiff realleges and incorporates herein the allegations above.

51.    The Audi Marks have become famous and distinctive worldwide as a result of continuous and exclusive use of the marks in connection with the goods and services of Audi.

52.    Goods and services sold under the Audi Marks have gained a reputation for superior quality, durability, and performance, and the Audi Marks have consequently gained substantial renown.

53.    Defendants have willfully and intentionally misappropriated and continue to misappropriate the Audi Marks, or confusingly similar variations thereof, in connection with the advertisement, promotion, and sale of Defendants' goods and services.

54.    Defendants' misappropriation of the Audi Marks, and confusingly similar variations thereof, has caused and continues to cause irreparable injury to and actual dilution of the Audi Marks' distinctive quality in violation of 15 U.S.C. § 1125(c).  Defendants' unauthorized use of the Audi Marks dilutes, blurs, tarnishes, and whittles away the distinctiveness of the Audi Marks.

55.    Defendants have used and continue to use the Audi Marks, and confusingly similar variations thereof, willfully and with the intent to dilute the Audi Marks, and with the intent to trade on the reputation and goodwill associated with the marks.

56.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable harm.

57.     Unless Defendants are enjoined, the Audi Marks will continue to be irreparably harmed and diluted.  Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm Plaintiff will suffer if Defendants' actions are allowed to continue.

58.     Defendants have used and continue to use the Audi Marks willfully and with the intent to dilute the Audi Marks, and with the intent to trade on the reputation and goodwill associated with the Audi Marks.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

59.     As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to the equitable remedy of an accounting for, and disgorgement of, all revenues or profits wrongfully derived by Defendants from their infringing and diluting use of the Audi Marks pursuant to 15 U.S.C. § 1117.  Plaintiff is also entitled to a permanent injunction.

## FOURTH CLAIM FOR RELIEF
## (UNLAWFUL IMPORTATION UNDER 15 U.S.C. § 1124)

60.     Plaintiff realleges and incorporates herein the allegations above.

61.     Defendants' acts alleged herein constitute the unlawful importation of merchandise which bears copies or simulations of the federally registered Audi Marks, in violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124.

62.     Defendants have willfully and intentionally imported counterfeit Audi goods bearing copies of the federally registered Audi Marks.

63.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable harm.

64.     Unless Defendants are enjoined, the Audi Marks will continue to be irreparably harmed.  Plaintiff has no adequate remedy at law that will compensate

for the continued and irreparable harm Plaintiff will suffer if Defendants' actions are allowed to continue.

65.    As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to the equitable remedy of an accounting for, and disgorgement of, all revenues or profits wrongfully derived by Defendants from their unlawful importation.  Alternatively, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

## FIFTH CLAIM FOR RELIEF
## (VIOLATION OF THE TARIFF ACT UNDER 19 U.S.C. § 1526(a))

66.    Plaintiff realleges and incorporates herein the allegations above.

67.    Plaintiff has filed copies of the certificates of registration of the Audi Marks with the Department of the Treasury and other relevant and related governmental authorities.

68.    Defendants' acts alleged herein constitute the unlawful importation of merchandise which bears copies or simulations of the federally registered Audi Marks, in violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a).

69.    Defendants have willfully and intentionally imported counterfeit Audi goods bearing copies of the federally registered Audi Marks.

70.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable harm.

71.    Unless Defendants are enjoined, the Audi Marks will continue to be irreparably harmed.  Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm Plaintiff will suffer if Defendants' actions are allowed to continue.

72.     As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to the equitable remedy of an accounting for, and disgorgement of, all revenues or profits wrongfully derived by Defendants from their unlawful importation.  Alternatively, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.     Under all claims for relief, that a preliminary and permanent injunction be issued enjoining Defendants, their employees, agents, successors and assigns, and all those in active concert and participation with Defendants, and each of them who receives notice directly or otherwise of such injunctions, from:

(a)     imitating, copying, or making unauthorized use of any of the Audi Marks or any confusingly similar variations thereof;

(b)     importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any good or service using any simulation, reproduction, counterfeit, or copy of any of the Audi Marks or any confusingly similar variations thereof;

(c)     using any false designation of origin or false description, or performing any act, which can, or is likely to, lead members of the trade or public to believe that Defendants or any good or service of Defendants is in any manner associated or connected with Plaintiff, Audi, or VW;

(d)     transferring, consigning, selling, shipping, or otherwise moving any goods, packaging, or other materials in Defendants' possession, custody,

33

or control bearing a design or mark substantially similar to any of the Audi Marks;

(e)     engaging in any other activity constituting unfair competition with Plaintiff with respect to the Audi Marks; and

(f)     instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities described in subparagraphs (a) through (f) above.

2.     Under all claims for relief, for an order enjoining Defendants from selling, distributing, discarding, giving away, or otherwise disposing of goods in Defendants' possession or under Defendants' control bearing counterfeits of any of the Audi Marks, and requiring Defendants to sequester such counterfeit goods in a separate and safe location at Defendants' place of business, as well as all business records related to such goods, including any computers or other digital media containing business records related to such goods, to be made available for Plaintiff and its representatives to examine, photograph, and copy;

3.     For an order directing Defendants to deliver to Plaintiff and its counsel for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in their possession or under their control, bearing or using any of the Audi Marks or any confusingly similar variation thereof, and all plates, molds, matrices and other means of making the same, including the Internet domain name *www.nintestore.com*, pursuant to 15 U.S.C. § 1118.

4.     For an order directing such other relief as the Court may deem appropriate to prevent consumers and the public in general from deriving the erroneous impression that any good or service manufactured, sold, or otherwise circulated or promoted by Defendants is authorized by Plaintiff or Audi, or related in any way to their products or services.

5.     For an order transferring the Internet domain name

www.nintestore.com to Plaintiff.

6.     For an order directing Defendants to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

7.     For an order permitting Plaintiff and auditors for Plaintiff to audit and inspect the books and records of Defendants to determine the scope of Defendants' past use of the Audi Marks, including all revenues and sales related to Defendants' use of the Audi Marks, as well as Defendants' compliance with orders of this Court.

8.     For an award of Plaintiff's costs and disbursements incurred in this action, including Plaintiff's reasonable attorneys' fees under 15 U.S.C. § 1117(a).

9.     For an order requiring Defendants to file with the Court and provide to Plaintiff an accounting of all sales and profits realized through Defendants' use of the Audi Marks.

10.    For judgment in an amount equivalent to three times Defendants' profits, plus Plaintiff's reasonable attorneys' fees, because of Defendants' intentional, willful, and knowing use of counterfeits of the Audi Marks pursuant to 15 U.S.C. § 1117(b).

11.    Alternatively, for an award of statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

12.    For an award of interest, including pre-judgment interest, on the foregoing sums.

13.     For such other and further relief as the Court may deem just and proper.

DATED: May 25th, 2022.

                              PHILLIPS WINCHESTER


                          By /S/   GREGORY D. PHILLIPS
                               Gregory D. Phillips
                               Attorneys for Plaintiff
                               VOLKSWAGEN GROUP OF AMERICA,
                               INC.